## Union Stock Yard & Transit Co. v. Peter S. Goodman, Adm'r, etc.

1. TRESPASSERS—*On Railroad Grounds—Who Are, a Question of Fact.*—The question as to whether a person upon the grounds of a railroad company is or is not a trespasser, is one of fact for the determination of the jury.

2. SAME—*Liability of a Railroad Company Toward.*—Where a person is a trespasser upon the private property and grounds of a railroad company at the time and place where and when he is injured the company is not liable for mere carelessness of its employes.

3. INSTRUCTIONS—*Where the Evidence is Conflicting.*—In a case where the evidence upon the material issues on trial is conflicting the instructions should be accurate.

4. SAME—*Omission of Material Questions in Issue.*—An instruction which omits reference to one of the material questions in issue and closes with a direction to the jury as to how their verdict should be if the facts are found as stated, is erroneous.

Trespass on the Case.—Death from negligent act. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded. Opinion filed October 23, 1900. Rehearing denied.

WINSTON & MEAGHER, attorneys for appellant; FREDERICK R. BABCOCK, of counsel.

MOSES, ROSENTHAL & KENNEDY, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

The intestate was a boy about six years of age. The appellee's administrator is his father. June 29, 1895, a switch engine belonging to appellant was switching cars on

railroad tracks running east and west between Grand Boulevard and Indiana avenue and between Thirty-ninth and Forty-first streets, in the city of Chicago. There were four parallel tracks, the two center ones being used as main tracks and the other two as switching and unloading tracks. The two switching tracks cut away from the main tracks near Prairie avenue and ran east, and ended about thirty feet west of Grand Boulevard, without rejoining the main tracks.

About 6:30 p. m. of the day named there were standing upon the north switch track several empty freight cars. The intestate was then standing a short distance west of Grand Boulevard, between the rails of the said north switch track, very near the end of the freight car nearest to said boulevard. In its switching operations said engine shoved the cars east upon said north switch track from two to four feet. The boy apparently attempted to leave the track but fell, and was so near the car that he was caught under the wheel before he could crawl over the rail, and so injured that he died in a short time.

At the trial appellant contended and now contends that said tracks were upon its private property. This was denied by appellee, who contended and now contends that said tracks were laid in a public highway known as Fortieth street. This was the most sharply contested question in the case. It was a question of fact for the jury.

On behalf of appellant, it was claimed that if said north switch track, where the intestate was injured, was upon its private grounds, that a different rule of law would obtain relative to its liability than would apply in case said track was in a public street or highway; and that if said north switch track was upon its grounds, the intestate was a trespasser and appellant liable, if at all, only for injury wantonly and recklessly inflicted. This is practically conceded on behalf of appellee, not, perhaps, fully, as is contended on behalf of appellant, but the case was tried, and the record, as relates to that question, is upon the theory that there would be a different rule as to the liability of appellant.

It is undoubtedly the rule of law that, if the intestate

was a trespasser upon the private property and grounds of appellant at the time and place where and when he was injured, the appellant is not liable for injuries resulting from mere carelessness or negligence of its employes. Union Stock Yards Co. v. Karlik, 170 Ill. 405; Wabash Railroad Co. v. Jones, 163 Ill. 172; I. C. R. R. Co. v. Godfrey, 71 Ill. 500, 508.

It is also urged by appellee that the public was permitted by appellant to pass to and fro over said tracks and that the intestate was therefore upon said north switch track by the license and consent of appellant. This also was contested by appellant and is a question of fact for the jury.

That the intestate was injured at the time and place and in the manner charged by appellee was not denied by appellant. There was testimony offered by both parties upon the question of carelessness and negligence, but, as stated, the question as to whether said north switch track was upon public or private ground, received the most attention at the trial. There was evidence tending very strongly to show that it was upon private grounds. It was important, therefore, that the jury should be correctly instructed upon the question of the liability of appellant, as affected by the conclusion at which the jury should arrive upon the material issue of fact as to whether the intestate was injured upon the private property of appellant, or upon a public street, and also whether he was there with the consent of appellant.

The court, at the instance of the appellee, gave to the jury the following instruction, viz.:

19. "The court instructs the jury, as a matter of law, that if you believe from the evidence that the deceased, Jacob Goodman, came to his death by reason of being run over by one of the cars of the defendant company, while the same was being managed, controlled and operated by defendant's employes, and that such car was carelessly and negligently managed, controlled and operated by the employes of said company, and that said negligence and carelessness were the proximate cause of his injury and death, then you should find the defendant guilty (provided the jury believe from the evidence that the child himself was

Union Stock Yard & Transit Co. v. Goodman.

in the exercise of reasonable care for himself at and before the accident, and provided also the father and the mother exercised reasonable care in watching over and caring for the boy, at and before the accident)."

(That portion of the instruction included within the parentheses was added by the court.)

It will be noticed that this instruction omits all reference to the question as to whether the boy was injured upon the private property of appellant, or upon a public street. If he was upon the private property of appellant at the time he was injured, then that instruction is erroneous. It was for the jury to find whether he was or not. That instruction states the rule which would apply in case the injury was inflicted while the boy was upon a public street. But under that instruction, it was the duty of the jury, in case they found that the employes of appellant were negligent and careless, to find the appellant guilty even though the intestate was injured upon the private grounds and property of appellant. That is not the law, as we have shown. In such case a recovery can not be sustained, unless the injury was the result of wanton and willful misconduct, or of negligence so gross that willfulness will be inferred. (See cases *ante*, and I. C. R. R. Co. v. King, 179 Ill. 93; I. C. R. R. Co. v. Hetherington, 83 Ill. 516; Roden v. C. & G. T. Ry. Co., 133 Ill. 73.) The decisions of the Supreme Court in this State are in accord with the general current of decisions in other States.

Fifty-two instructions were offered by appellant, of which twenty-nine were given and twenty-three refused. The jury was in most respects instructed as favorably for appellant as it was entitled to ask. But the error in appellee's instruction quoted above is not merely technical. It is substantial and reaches the merits of the case.

Under that instruction it is immaterial whether the injury was inflicted upon public or private grounds and it was unnecessary for the jury to pass upon that question. That is not the law.

The judgment of the Circuit Court must be reversed and the cause remanded.